UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:15-cr-20117-UU

UNITED STATES OF AMERICA,

v.

ERNESTO CASTILLO &
OSVALDO MEDINA,

    Defendants.
_____/

**ORDER**

THIS CAUSE is before the Court upon the Government's Motion for Review of Magistrate's Order Granting Bond.  D.E. 37.

THE COURT has considered the Motion and the pertinent portions of the record, and is otherwise fully advised in the premises.

**BACKGROUND**

On March 3, 2015, a federal grand jury returned an indictment charging Defendants Ernesto Castillo and Osvaldo Medina with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, and Health Care Fraud, in violation of 18 U.S.C. § 1347.  On March 18, 2015, Magistrate Judge John J. O'Sullivan presided over a hearing to determine whether Defendants Ernesto Castillo and Osvaldo Medina should be detained prior to trial.  At that hearing, Magistrate Judge O'Sullivan ordered Defendant Castillo released on the following conditions of bond: $50,000 corporate surety bond with a Nebbia condition attached; $1 million personal surety bond; electronic monitoring; and other standard conditions of bond.

Additionally, Magistrate Judge O'Sullivan ordered Defendant Medina released on the following conditions of bond: $100,000 corporate surety bond with a Nebbia condition attached; $1 million personal surety bond; electronic monitoring; and other standard conditions of bond. The Government requests that this Court review Magistrate Judge O'Sullivan's Order granting bond to Defendants Castillo and Medina pursuant to 18 U.S.C. § 3145(a)(1). Upon the Government's motion, the Court reviews the order *de novo*. *See United States v. Hurtado*, 779 F.2d 1467, 1480 (11th Cir. 1985) (requiring district court to conduct an independent, *de novo* review of magistrate judge's detention order).

## LEGAL STANDARD

Pretrial detention is only appropriate when no condition or combination of conditions can reasonably assure the Defendant's appearance at court proceedings, or, when no condition or combination of conditions can reasonably assure the safety of other persons and of the community. 18 U.S.C. § 3142(e). In determining whether either of these circumstances exists, a judicial officer must consider four factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the history and characteristics of the Defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the Defendant's release. 18 U.S.C. § 3142(g).

At a pretrial detention hearing, it is the Government's burden to prove, by clear and convincing evidence, that no condition or combination of conditions will reasonably assure the safety of any other person and the community. 18 U.S.C. § 3142(f)(2)(B). "Clear and convincing" is an intermediate standard. It requires proof that the fact at issue is highly probable, but does not require proof that is unequivocal or that admits no doubt. *United States v. Owens*,

854 F.2d 432, 436 n.8 (11th Cir. 1988) (*quoting Addington v. Texas*, 441 U.S. 418, 432 (1979)). Alternatively, it is the Government's burden to prove, by a preponderance of the evidence, that no conditions or combination of conditions will reasonably assure Defendant's presence at future hearings. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985).

The Court has carefully considered the information proffered by both the Government and Defendants Castillo and Medina, the Pretrial Services Reports for each Defendant, and the record as a whole. Considering all this, the Court finds that Magistrate Judge O'Sullivan's factual findings are supported by the record and agrees with his legal conclusions that conditions can be imposed which will assure the Defendants' future appearances and the safety of the community.. However, the undersigned disagrees that the amount of the corporate surety bonds established by the Magistrate Judge are adequate to assure the Defendants' appearances in light of the Government's strong evidence that they each received large amounts of cash from the criminal conduct alleged in the indictment and otherwise likely have access to large amounts of cash from unreported sources.  Additionally, the Court is concerned that the corporate surety bonds imposed by the Magistrate Judge will not serve to assure the Defendants' appearances given that each claims to own no significant property despite the Government's strong evidence that they derived substantial sums from the crimes charged in this case and other similar activities, each has some ties to Cuba and Defendant Medina has ties to other foreign countries.

Accordingly, upon *de novo* review of the record, it is hereby

ORDERED AND ADJUDGED that the United States's Motion, D.E. 37, is DENIED and the Court adopts and affirms the Magistrate Judge's release conditions (including the Nebbia

requirement) except that the amount of the corporate surety bond is hereby increased to $100,000 for Defendant Castillo and $200,000 for Defendant Medina.

DONE AND ORDERED in Chambers at Miami, Florida, this 14th day of April, 2015.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record
Magistrate Judge John J. O'Sullivan